

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. L. Roberts
County Auditor
Hutchinson County
Stinnett, Texas

Dear Sir:

Opinion No. O-4851
Re: May the County Auditor of Hut-
chinson County be paid the
amount of salary allowed by
Article 1645 as said Article
existed on January 1, 1940,
when the amount of salary al-
lowed by said statute is more
than the annual salary allowed
or paid the Tax Assessor-
Collector, and another question?

Your letter of September 12, 1942, requesting the
opinion of this department on the questions stated therein
reads as follows:

"Will you please advise me on the following:

"(I) Did S. B. No. 119, Chapter 601, pages
1331-3, Regular Session 47th Legislature, amending
Article 1645 R.C.S., effective July 9, 1941, repeal
H.B. No. 409 Chapter 160, pages 229-232 Regular Ses-
sion 47th Legislature, amending Article 1645 R.C.S.
effective May 2, 1941?

"S.B. No. 119 provides that the county audi-
tor shall receive an annual salary of not more than
the annual salary allowed or paid the Assessor and
Collector of Taxes in his county, and not less than
the annual salary allowed such county auditor under
the general law as provided in Article 1645 R.C.S.
as said Article existed on January 1, 1940.

"Article 1645 as it existed on January 1, 1940
provided a compensation for the county auditor

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

$125.00 for each million dollars, or major portion thereof on the assessed valuation.

"The Assessor and Collector of taxes of this county is compensated on a fee basis and limited to $3,000.00 per year, while the county auditor, if compensated under Article 1645 as said article existed on January 1, 1940 his salary for 1943 would be $3,125.00 as the tax rolls just completed show an assessed valuation of $24,507,975.

"(2) May the county auditor be paid the amount of salary allowed by Article 1645 as said article existed on January 1, 1940 when the amount of salary is more than the annual salary allowed or paid the Assessor and Collector of Taxes?"

As stated in your letter, House Bill No. 409, Acts of the 47th Legislature, Regular Session, 1941, became effective May 2, 1941. Senate Bill No. 119, Acts of the 47th Legislature, Regular Session, 1941, became effective July 9, 1941.

Sections 3 and 4 of Senate Bill 119, supra, read as follows:

"Sec. 3. All laws or parts of laws which are in conflict herewith are hereby expressly repealed; provided, however, that this Act shall not in any way repeal or affect Senate Bill 173, passed at the Regular Session of the 47th Legislature, 1941, and provided, further, that this Act shall not in any way repeal or affect Sections 1 and 2, Chapter 81, Acts of the Regular Session of the 45th Legislature, 1937, page 151, or Article 1672, Revised Civil Statutes of 1925, or Article 8245, Revised Civil Statutes of 1925, as amended by Section 1 of Chapter 119, Acts of the Regular Session, 44th Legislature.

"Sec. 4. The fact that there are now many laws on the subject of the salaries of County Auditors caused by various amendments to said Articles 1645 and 1646, and the further fact that it would be desirable and advantageous to the several counties that all County Auditors be placed under one

general law, creates an emergency and an imperative public necessity that the Constitutional Rule requiring that bills shall be read on three separate days in each House be suspended, and said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

It will be noted that Section 3, as quoted above, expressly repeals all laws or parts of laws which are in conflict with the provisions of Senate Bill 119, supra. Therefore, it is our opinion that Senate Bill No. 119 expressly repeals all of the provisions of House Bill No. 409, supra, which are in conflict with the provisions of said Senate Bill 119. It will be further noted that the provisions of House Bill No. 409 and the provisions of Senate Bill No. 119 with reference to the annual salary of the county auditor are in conflict. For the purposes of this opinion we do not deem it necessary to determine whether or not any of the other provisions of the abovementioned Acts are in conflict. It is our opinion that the provisions of Senate Bill 119 with reference to the annual salary of the county auditor are in conflict with the provisions of House Bill No. 409 pertaining to the annual salary of county auditors and that said provisions of House Bill No. 409 are repealed by Senate Bill No. 119.

Senate Bill No. 119, supra, among other things, provides in effect that the county auditor shall receive a salary as compensation for his services to the county as such county auditor an annual salary of not more than the annual salary allowed or paid to the assessor and collector of taxes in the county, and not less than the annual salary allowed such county auditor under the general law provided in Article 1645, Revised Civil Statutes, as said Article existed on January 1, 1940. The salary of the county auditor is to be fixed and determined by the district judge or district judges having jurisdiction in the county, and where there is more than one district judge, a majority ruling must be had in determining and fixing the salary of the county auditor. However, if there is any increase in the salary of the county auditor over and above the annual salary allowed the county auditor under the general law provided in Article 1645, as said Article existed on January 1, 1940, the same shall only be allowed or permitted with the express consent and approval of the commissioners' court of the county whose county auditor is affected by the provisions of the Act and such consent and approval

of such commissioners' court shall be made by order of such court and recorded in the minutes of the commissioners' court of such county. Generally speaking Senate Bill No. 119 provides for the maximum and the minimum salary that can be paid a county auditor. Under the provisions of said Bill the maximum annual salary of the county auditor cannot be more than the annual salary allowed or paid the assessor and collector of taxes in his county and the minimum salary cannot be less than the annual salary allowed such county auditor under the general law provided in Article 1645, Revised Civil Statutes, as said Article existed on January 1, 1940.

Apparently it was the intention of the Legislature in enacting Senate Bill 119 to allow the district judge or district judges fixing the salary of county auditors to fix or set the salaries of county auditors at a sum greater than that allowed by Article 1645, as said Article existed January 1, 1940, and not more than the annual salary of the assessor and collector of taxes in the county whose county auditor was affected. In most instances the annual salary of the assessor and collector of taxes was more than the annual salary of the county auditor as authorized by Article 1645 as said Article existed on January 1, 1940. However, at the same time, the Legislature deemed it proper to fix the minimum salary of the county auditor at a sum not less than the salary allowed by Article 1645 as said Article existed January 1, 1940.

As above stated, we think, that it was the intention of the Legislature to authorize an increase in the salaries of county auditors. It is a general rule of construction that when the intent of the Legislature is plainly expressed in the language of the statute, it must be given effect without attempt to construe or interpret the law. However, on the other hand, when it is necessary to construe an Act in order to determine its proper meaning, it is settled by a host of decisions that the court should first endeavor to ascertain the Legislative intent, from a general view of the whole enactment. Such intent having been ascertained, the court will then seek to construe the statute so as to give effect to the purpose of the Legislature, as to the whole and each material part of the law even though this may involve a departure from the strict letter of the law as written by the Legislature. In the construction of several enactments, the courts are expressly commanded to look diligently for the intention of the

Legislature, keeping in view at all times the old law, the evil, and the remedy. (Article 10, Revised Civil Statutes; Tex. Jur. Vol. 39, p. 169).

The maximum amount of compensation and excess fees that can legally be retained by the tax assessor-collector of Hutchinson County under Articles 3883 and 3891, Vernon's Annotated Civil Statutes is $3,000.00 per year. The county officials of said county are compensated on a fee basis. Therefore, there is no annual salary of the assessor and collector of taxes in said county that the annual salary of the county auditor could be based upon.

Article 1645, Vernon's Annotated Civil Statutes, as said statute existed on January 1, 1940, provides compensation for the county auditor and sets forth the manner in which said salary shall be computed provided such salary shall not exceed $3,600.00 per year.

In answer to your second question, you are advised that it is the opinion of this department that the annual salary of the County Auditor of Hutchinson County must be fixed as authorized by Article 1645, V. A. C. S. as said statute existed on January 1st, 1940, as there is no annual salary of the assessor and collector of taxes in said county upon which the annual salary of the County Auditor could be based.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

A :mp

APPROVED SEP 23, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN